WILLIAM LEIGHTON v. CHARLES J. DIXON.

NEW TRIAL—*Error Not to Grant in this Case.* When a defendant is ready for trial on the day on which his case is originally set for trial on the trial docket of the court, and the day of the trial is changed to a date one day sooner, and he has had no notice or knowledge of the change until the morning of the changed day, and his counsel ask the court to allow them until noonday to get their client into court, and the counsel on the other side consent to it, but the court refuses, and tries the case, and the defendant is in court with his witnesses when court convenes in the afternoon, it is error not to grant him a new trial under the peculiar circumstances of this particular case.

*Error from Ford District Court.*

THE opinion states the facts.

*M. W. Sutton,* and *L. K. Soper,* for plaintiff in error.
*A. J. Bryant,* for defendant in error.

Opinion by SIMPSON, C.: Dixon commenced his action in the district court of Ford county, on the 12th day of January, 1886, against Farrington, the maker, and Leighton, the indorser, of a promissory note. Farrington made default, but Leighton filed a verified answer denying that he had indorsed the note. The cause was placed on the trial and bar dockets for trial at the regular November term of the district court

of Ford county in the year 1887, and was set for Wednesday, the 16th day of November, in the second week of the term. The attorneys of Leighton notified him by letter that the case had been set for trial on Wednesday, the 16th, and this letter was received by Leighton's father, at Cimarron, in Gray county, the place of Leighton's residence. At this time Leighton was absent from Cimarron, and was at Meade Center, and a messenger was sent to him, who reached him on Sunday, the 13th day of November, conveying to him the information that his case was set for trial on Wednesday, the 16th. He immediately started for home, and passed through Dodge City in the night-time, between the 14th and 15th days of November. He reached Cimarron on the morning of the 15th, and later in the morning received a telegram from his attorneys that his case was set for trial on that day.

Near the close of the first week of the term, the court reset the civil causes for trial, and assigned this case for trial on Tuesday, the 15th day of November, instead of on Wednesday, the 16th, the date of the original assignment. Leighton's attorneys promptly advised him of the change of the day of trial, by letter, mailed on Saturday, the 12th, at noon. This letter never reached Leighton, as he was then *en route* from Meade Center home.

On the morning of Tuesday, the 15th, the case was called for trial at the opening of the court. Counsel for Leighton requested the court to allow them until noon to get their client and his witnesses into court, and the counsel of the plaintiff below offered to wait until the noon train; the counsel for Leighton offering to proceed with other matters so as not to delay the court. The trial court refused to wait, ordered a jury impaneled, the case was tried, and a judgment rendered against Leighton for $448.21 and costs of suit. Leighton's counsel promptly filed a motion for a new trial in the afternoon, Leighton himself being personally in court, and supported their motion by affidavits of counsel and Leighton, reciting the above facts of diligent action by both counsel and

client to be ready for trial on the 16th, and also the failure of Leighton to receive notice of the change of date of trial.

We take judicial notice of the fact that Cimarron, the place of Leighton's residence, is in an adjoining county to Ford, and is situated in Gray county, on the line of the Atchison, Topeka & Santa Fé Railroad, and that Gray county before its organization was attached to Ford for judicial purposes. Under the showing made on the motion for a new trial, it appears to us that the request made by Leighton's counsel, that the hearing of the case on the 15th should be delayed until the arrival of the noon train, was a very reasonable one; especially is this so in view of the fact that the counsel on the other side consented thereto, and offered to wait until that hour.

This case was commenced in January, 1886. The answer was filed in March, 1887. The case stood for trial at the November term, 1887. Three weeks before the term, counsel for Leighton notified him by letter that the case would be reached for trial early in the term, but not specifying on what day. This letter never reached Leighton. When the regular November term convened there were thirty criminal cases on the docket, and the civil causes were not assigned for trial on special days until Wednesday, the 9th, when this cause was set down for the 16th. The letter of counsel notifying Leighton of this was received by his father, and the messenger was sent to him as above stated.

It appears from this that counsel for Leighton had acted promptly and well on all occasions, and that Leighton himself so acted that he would have been ready for trial on Wednesday, the 16th.. As we regard the facts, it seems evident to us that the reason why Leighton was not in attendance on Tuesday, the 15th, was because in his attempt to be ready for trial on the 16th he was so circumstanced that he did not receive notice in time that his case had been reset for the 15th. We are disposed to rule, under all the peculiar circumstances presented by this record, and being necessarily ignorant of the undercurrents that flow around such contentions, that

there was such an affirmative showing as fairly entitles the plaintiff in error to a new trial; a showing too, that is in no manner controverted by anything in the record.

We recommend that the cause be reversed, and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.